**STATE of Missouri, Respondent,**

v.

**Tamra DOSSETT, Appellant.**

**No. WD 46112.**

Missouri Court of Appeals,
Western District.

April 20, 1993.

Bruce R. Anderson, North Kansas City, for appellant.

Timothy Finnical, Asst. Pros. Atty., Clay County, Liberty, for respondent.

Before LOWENSTEIN, C.J., and TURNAGE and KENNEDY, JJ.

TURNAGE, Judge.

Tamra Dossett was found guilty by a jury of misdemeanor resisting arrest, § 575.150, RSMo 1986.[1] In accordance with the verdict the court sentenced Dossett to one year in the county jail and a fine of $100. Dossett contends the evidence was insufficient to support a conviction. Reversed.

At about 3:10 a.m. on May 12, 1992 Officer Baer of the Gladstone Public Safety

1. All statutory references are to Revised Missouri Statutes 1986, unless otherwise stated.

Department was southbound on Old Pike Road in Gladstone. He met a northbound automobile with its headlights on high beam. The officer flashed his headlights to alert the driver to the fact that the headlights were on high but the driver failed to correct the situation. After the officer had flashed his lights a second time without response, he turned his patrol car around and started following the car. When the car stopped at the stoplight at the intersection of Englewood and Old Pike, Officer Baer turned on his red and white flashing lights. The officer started to get out of his patrol car, but the car turned right on Englewood Road. The officer identified the car as a Ford Mustang and Dossett later was found to have been the driver. Officer Baer followed the Mustang at about 20 m.p.h. and thought that the driver was looking for a place to stop that did not obstruct traffic. As he followed the Mustang the officer noticed the car weaving within its lane but it did not go out of its proper lane. The Mustang failed to stop and at about the intersection of North Walnut and Englewood Road the officer turned on his siren. The officer stated that when he turned on the siren the Mustang accelerated like a bullet. The Mustang went through the intersection of North Oak and Englewood on a yellow light with Officer Baer about 100 yards behind. As the patrol car went through the intersection, apparently on a red light, it struck a car which was northbound on North Oak broadside. Tragically, a passenger in the northbound car was killed in the collision.

Officer Baer testified that North Oak formed the eastern boundary of the City of Gladstone and that when the Mustang crossed North Oak it entered into the City of Kansas City.

Officer Baer testified that he turned his lights on in an attempt to stop the Mustang to investigate to see if the driver was sleepy or intoxicated. Officer Baer never testified that he intended to arrest the driver of the Mustang but stated that when the Mustang left his jurisdiction and entered the City of Kansas City he could have called a Kansas City police officer to make an arrest.

■ Dossett was charged with involuntary manslaughter, driving while driving privileges were suspended and resisting arrest.[2] Section 575.150 defines resisting arrest in pertinent part as follows:

1. A person commits the crime of resisting ... arrest if, knowing that a law enforcement officer is making an arrest, for the purpose of preventing the officer from effecting the arrest, he:

(1) Resists the arrest of himself by ... fleeing from such officer....

The statute requires first that a person knows that a law enforcement officer is making an arrest, and second that the person resists the arrest by fleeing for the purpose of preventing the officer from effecting the arrest. Those were the facts which the State was required to prove in order to make a submissible case for resisting arrest.

There are two cases with similar facts to this case, State v. Wanner, 751 S.W.2d 789 (Mo.App.1988) and State v. Long, 802 S.W.2d 573 (Mo.App.1991). In Wanner, a police officer attempted to stop a motorcycle. The officer testified that he was not going to arrest the driver of the motorcycle but that he intended only to make a stop in order to give the driver a warning. The court held that since the officer did not intend to arrest the driver, there was no evidence to support the charge of resisting arrest.

In Long, a police officer observed a truck driving with an expired license plate. The officer activated the siren on the patrol car in an effort to stop the truck but the truck accelerated and a chase ensued. The officer testified that when he first saw the truck and decided to stop it that his inten-

---

**2.** Although the manslaughter and resisting arrest charges were tried jointly, the record does not reflect the disposition of the manslaughter charge and no issue related to that charge is presented on this appeal. Dossett received a sentence of 90 days in jail and a fine of $100 for driving while her driving privileges were suspended but that conviction is not a part of this appeal.

tion was to investigate the apparent violation of the law requiring a current vehicle registration. The court held that the gravamen of the offense of resisting arrest is the actual resistance of an arrest, not flight from a police officer. *Id.* at 575[1]. The court held there was no evidence that the officer intended to arrest the driver of the truck at any time before the truck actually stopped and, therefore, there was no evidence to support a charge of resisting arrest for failure of the truck driver to stop when the officer activated his siren.

■ Both *Wanner* and *Long* dictate a reversal of the conviction in this case because as in those cases there was no evidence that Officer Baer ever intended to arrest Dossett. The State contends that Dossett told other officers who arrested her the next day that she refused to stop when Officer Baer signaled her to do so because her driver's license had been suspended. The State contends that she thereby knew that if she did stop that she would be arrested as soon as the officer ascertained that she did not have a valid driver's license. This argument ignores the fact that the statute requires that the resistance to an arrest must occur when the person knows that an officer is making an arrest. The State would base a conviction on an intent to resist arrest when and if an arrest were made. The statute does not allow a conviction to be based on an intent to resist in the event an arrest is made later. Officer Baer was not making an arrest when he signaled for the Mustang to stop or at anytime during the chase. At that point he had simply signaled for Dossett to stop. When Dossett failed to stop she was fleeing from the officer who had not had an opportunity to make an arrest. As *Long* held, the statute does not make flight from an officer a crime when no arrest is being made.

The State also contends that Officer Baer stated that he would have called Kansas City police officers to arrest the Mustang driver once the Mustang entered Kansas City. However, the testimony of Officer Baer was that he could have called Kansas City police officers, not that he would.

■ This case, along with *Wanner* and *Long*, illustrates the fact that a traffic stop initiated by a police officer turning on his lights and siren in an attempt to stop an automobile is not the factual situation contemplated by the resisting arrest statute. When an officer decides to stop an automobile and activates his lights and siren, the driver of the automobile being signaled to stop does not know what is in the mind of the officer and does not know whether or not the officer intends to make an arrest or intends only to make a routine stop which does not constitute the full arrest that § 575.150 contemplates. Because of the driver's lack of knowledge of the officer's intent, in cases such as this, it is impossible to satisfy the twin requirements of the statute that the person know that an officer is making an arrest, and that the officer is making an arrest.

■ The only statute that criminalizes a failure to stop a vehicle on a signal to stop is § 43.170 which makes it the duty of the driver of a vehicle on the highway to stop on the signal of any member of the State Highway Patrol. There is no statute applicable to a failure to stop on signal from other law enforcement officers. Until the legislature passes legislation to extend § 43.170 to other law enforcement officers, the failure to stop on a signal from such other officer is not, in and of itself, a crime.

In this case, there was no evidence that Officer Baer was making an arrest nor is there any evidence that Dossett knew that the officer was making an arrest of her. In the absence of evidence of those two elements of the statute, there was no evidence to sustain the conviction.

The judgment is reversed and Tamra Dossett is ordered discharged on the charge of resisting arrest.[3]

KENNEDY, J., concurs.

3. This case further illustrates the extreme danger present during high speed chases and the tragic consequences which can follow from such occurrence.

LOWENSTEIN, C.J., concurs in separate concurring opinion.

LOWENSTEIN, Chief Judge, concurring.

I reluctantly concur. Section 575.150.2, RSMo.1986, contemplates an arrest ... "for any crime or ordinance violation." The prosecution introduced the Gladstone ordinance for failure to dim the lights. As required by the jury instructions, the jury was required to determine if the officer was *making an arrest* "for failing to dim headlights within 500 feet of an approaching vehicle." MAI–CR3d 329.60. For some reason, the prosecution never introduced any evidence to allow the jury to make this finding on an essential element to obtain a conviction. "It is clear from the statute in question that the state must prove, as an element of the crime of resisting arrest, that the arrest the defendant is charged with resisting was for a crime or ordinance violation." *State v. Johnson*, 741 S.W.2d 70, 72 (Mo.App.1987).

The ultimate question then is does a conviction for resisting arrest under § 575.150 require proof of an ultimate arrest, charge or conviction for the conduct that led to the chase, or can the prosecution merely, as here introduce evidence that the officer saw amounts to an ordinance violation to support the resisting arrest charge? *Johnson*, answers that question by saying, "While a proper information charging Johnson with a crime or ordinance violation, such as peace disturbance or malicious destruction of property, could have been filed, and possibly proven, it was not. Criminal convictions cannot be based on speculation of what might have been." *Id.* at 73. Also, *see State v. Long*, 802 S.W.2d 573, 576 (Mo.App.1991) for the proposition, "the offense of resisting arrest cannot occur unless a law enforcement officer actually *contemplates* an arrest," citing *State v. Wanner*, 751 S.W.2d 789, 791 (Mo.App. 1988), (emphasis added). In *State v. Shanks*, 809 S.W.2d 413, 418 (Mo.App. 1991), the court said it is logical to require in a conviction for resisting arrest under § 575.150, an arrest must be in progress when the resistance occurs. In this case, the officer did not contemplate or arrest the defendant for any violation stemming from what the officer saw.

Perhaps because of the morbid consequences it is galling to have to support a reversal and discharge. This statute is in need of a complete overhaul. Section 575.-150, does not contemplate the factual situation involved here, or in so many current day cases that involve police being unable to communicate with a citizen other than by flashing lights and sirens from one car to another. A motorist, such as here, should not be allowed to disregard the obvious signals of the police. They should not be allowed to flee, and avoid the consequences of resisting arrest banking on the fact there was never contemplation of or an arrest ever effectuated.

The statute seems to be written in terms of the knowledge of the citizen that the officer is making an arrest, rather than the officer's knowledge in chasing. Be that as it may, the requirement of there being an arrest contemplated but uneffectuated due to flight or an actual arrest being made is a fail-safe against the police conjuring up a reason to support an arrest for some reason other than why a chase was instigated. Even if the officer in the case at bar was only intending to issue a warning about the lights, once the defendant sped, the officer would have been justified in making a subsequent arrest for speeding. Footnote 4 on page 577 of *State v. Long*, 802 S.W.2d at 577, although dicta, supports the proposition that during flight some conduct might come to the attention of the officer that could lead to an arrest. That did not occur here, for there was no arrest or citation for speeding. The same hold true for a failure to dim the lights. This woman was never arrested for or charged with the ordinance violation described in the verdict director. The state could have made a closer case had the underlying charge and the instruction here been for driving with a suspended license. That would squarely place the question before the court whether the underlying charge in a resisting case could be based on the state of mind of the citizen,

and not based on the officers intent to pursue and make an arrest.