**STATE of Missouri, Respondent,**

v.

**Marcus GRANGER, Appellant.**

No. 72320.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 10, 1998.

Gwenda R. Robinson, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Meghan J. Stephens, Asst. Atty. Gen., Jefferson City, for respondent.

Before AHRENS, P.J., and CRANDALL and KAROHL, JJ.

PER CURIAM.

Defendant, Marcus Granger, appeals from the judgment entered after a jury found him guilty of assault in the first degree, armed criminal action, victim tampering, aggravated stalking, resisting arrest and two counts of burglary in the first degree. We affirm in part, reverse in part and remand.

Defendant and the victim began a romantic relationship in the "early spring" of 1995 and ended it in approximately May of that year. In June 1995, the victim was living with her two teenage sons, Carl and Carlos. Before going to sleep on June 21, 1995, the victim and her two sons locked and fastened a chain to the front door of their apartment. They also placed a television by the front door because they knew that defendant had taken a key to the apartment from the victim's purse without her permission. In the early morning hours of June 22, 1995, defendant pushed through the door and entered the apartment. Defendant went to the victim's bedroom and said he wanted to talk to her. When defendant could not see him, Carlos called the police. Defendant then grabbed Carlos' arm and told the victim "she better come on" or he was going to take Carlos. The victim went out the back door and ran to a convenience store. When defendant heard the back door shut, he went out the same door, got in his car and drove away.

Defendant was arrested a few hours later and charged with burglary in the first degree. A grand jury indicted defendant for this offense on July 18, 1995. Between June 22, 1995 and August 13, 1995, defendant drove by the victim's apartment on numerous occasions and twice went to the victim's door. Defendant was heard saying or hollering to the victim such things as "I'm going to get you" and she "wouldn't make it to Court."

On August 13, 1995, the victim's sister and nephew were visiting the victim at her apartment. At approximately 7:30 p.m., defendant entered the apartment through the back door. Defendant grabbed the victim and began "continually hitting her." According to the victim's nephew, defendant struck the victim with a telephone and other items within his reach. Defendant then dragged the victim into the kitchen and was "stomping on her head." The victim suffered a cerebral concussion, brain swelling and other injuries. She remained in a coma for eighteen days.

During his arrest approximately six months later, defendant struggled with the arresting officers and at one point picked up an officer and pushed him into a window.

At the time of trial, the victim was unable to feed or care for herself. Since the attack, she has been in either a hospital or nursing home. The jury found defendant guilty of assault in the first degree, armed criminal action, victim tampering, aggravated stalking, resisting arrest and two counts of burglary in the first degree.[1] Defendant was sentenced to life imprisonment for the assault conviction and a consecutive term of fifteen years imprisonment for the burglary conviction related to the June 22, 1995 incident. Defendant was sentenced to concurrent sentences of imprisonment, totaling thirty years, for the remaining convictions. Defendant raises four points on appeal.

■ In his first point, defendant argues the trial court erred in denying his motion for acquittal at the close of all evidence. Defendant contends there was insufficient evidence to support his convictions for victim tampering and for one of the first degree burglary counts. We review the denial of a motion for acquittal to determine if the State adduced sufficient evidence to make a submissible case. *State v. Foster*, 930 S.W.2d 62, 63 (Mo.App. E.D.1996). In determining whether the evidence is sufficient to support a conviction, we accept as true all evidence favorable to the State, including all favorable inferences drawn from the evidence and disregard all evidence and inferences to the contrary. *Id.* at 63–64.

■ Defendant challenges the first degree burglary conviction relating to the June 22, 1995 incident. "A person commits the crime of burglary in the first degree if he knowingly enters unlawfully or knowingly remains unlawfully in a building or inhabitable structure for the purpose of committing a crime therein...." Section 569.160.[2] In the present case, the second numbered paragraph of the jury instruction regarding this charge provided "Second, that defendant did so for the purpose of committing the crime of assault in the third degree therein...." The instruction also provided that "A person commits the crime of assault in the third degree if he attempts to cause or recklessly causes physical injury to another person."

Defendant contends that there is no evidence that the purpose for him entering the victim's apartment on June 22, 1995 was to attempt to cause or recklessly cause physical injury to another person.[3] The State concedes and we agree that the conviction should be reversed because there was not sufficient evidence to support a finding that defendant entered the victim's apartment for the purpose of committing third degree assault.

■ Our Supreme Court has stated that "Where a conviction of a greater offense has been overturned for insufficiency of the evidence, the reviewing court may enter a conviction for a lesser offense if the evidence was sufficient for the jury to find each of the elements and the jury was required to find those elements to enter the ill-fated conviction on the greater offense." *State v. O'Brien*, 857 S.W.2d 212, 220 (Mo. banc 1993); *see also State v. Dooley*, 919 S.W.2d 539, 542 (Mo.App. E.D.1995). Trespass in the first degree is a lesser included offense of burglary in the first degree with the latter requiring the added element of intent to commit a crime within the premises. *State v. Word*, 829 S.W.2d 113, 116 (Mo.App.1992). Here, all elements of the class B misdemeanor of trespass in the first degree were necessarily found by the jury in arriving at its verdict for the burglary count relating to the June 22, 1995 incident[4] We reverse the conviction for the burglary count relating to the

---

1. The June 22, 1995 and August 13, 1995 incidents, respectively, constituted the bases for the two burglary counts.

2. All statutory references are to RSMo 1994.

3. Carlos did not testify that he suffered any physical injury when defendant grabbed his arm during the incident.

4. Section 569.140 provides that "A person commits the crime of trespass in the first degree if he knowingly enters unlawfully or knowingly remains unlawfully in a building or inhabitable structure or upon real property."

June 22, 1995 incident, and remand the cause for the entry of a judgment of conviction and sentencing for the class B misdemeanor of trespass in the first degree.

Defendant also challenges his conviction for the class C felony of victim tampering. Section 575.270.2 provides in part:

2. A person commits the crime of "**victim tampering**" if, with purpose to do so, he prevents or dissuades or attempts to prevent or dissuade any person who has been a victim of any crime or a person who is acting on behalf of any such victim from:

. . .

(b) Causing a complaint, indictment or information to be sought and prosecuted or assisting in the prosecution thereof. . . .

The jury was instructed in part that to find defendant guilty of this charge they had to find that "Laura Morrow was the victim of the crime of burglary in the first degree that was charged as a felony on or about June 22, 1995, and. . . ." Defendant contends the conviction should be reversed because there was insufficient evidence for the burglary conviction related to the June 22, 1995 incident.

As discussed, there was insufficient evidence to find defendant guilty of burglary in the first degree relating to the June 22, 1995 incident. The jury was only instructed as to finding that Laura Morrow was the victim of burglary in the first degree relating to the June 22, 1995 incident. Defendant's conviction for the class C felony of victim tampering is reversed.

In his second point, defendant challenges the trial court's finding in its written judgment that defendant was a prior drug offender. The State charged defendant by information as a prior offender. During trial, the State adduced evidence that defendant pleaded guilty in 1981 to the felony of stealing from a person. After this evidence was presented, the trial court found that defendant was a prior offender under section 558.016. In its written judgment, the trial court checked the box indicating that defendant was a prior drug offender under sections 195.295 and 195.296. The court wrote that the basis for this determination was the stealing conviction. The State agrees that the case should be remanded so the trial court can check the box indicating defendant is a prior offender instead of a prior drug offender. Accordingly, on remand the court shall enter an order showing that defendant is a prior offender under section 558.016 rather than a prior drug offender. *State v. Wyman*, 945 S.W.2d 74, 78 (Mo.App. W.D. 1997).

No jurisprudential purpose would be served by addressing defendant's two remaining points. These points are denied. Rule 30.25(b).

Defendant's convictions for assault in the first degree, armed criminal action, aggravated stalking, resisting arrest and burglary in the first degree relating to the August 13, 1995 incident are affirmed. Defendant's conviction for victim tampering is reversed. Defendant's conviction for burglary in the first degree relating to the June 22, 1995 incident is reversed, and the cause is remanded for entry of a judgment of conviction and sentencing for the class B misdemeanor of trespass in the first degree. That portion of the judgment finding defendant to be a prior drug offender is reversed and the trial court is directed to enter an order finding that defendant is a prior offender under section 558.016.