**STATE of Missouri, Plaintiff/Respondent,**

v.

**Zivan CHRISTIAN, Defendant/Appellant.**

No. ED 84863.

Missouri Court of Appeals, Eastern District, Division Three.

Feb. 28, 2006.

Craig A. Johnston, Assistant Public Defender, Columbia, MO, for appellant.

KATHIANNE KNAUP CRANE, Presiding Judge.

Defendant, Zivan Christian, appeals from a judgment entered by the trial court after a jury found him guilty of felonious restraint, in violation of section 565.120 RSMo (2000), and burglary in the first degree, in violation of section 569.160 RSMo (2000). The trial court found defendant to be a prior and persistent offender and sentenced him to fifteen years imprisonment for felonious restraint and seventeen years imprisonment for burglary, to be served concurrently.

On appeal, defendant challenges the sufficiency of the evidence on both counts. He also claims the trial court plainly erred in allowing a police officer to testify to his statement. We affirm in part, reverse in part, and remand.

### FACTUAL AND PROCEDURAL BACKGROUND

We view the facts in the light most favorable to the verdict. Victim, who was defendant's girlfriend, lived at a house in Wentzville, Missouri. On July 16, 2003, at approximately 9:00 a.m., defendant and victim began to argue. As the argument continued, defendant dragged victim by her hair, punched her in the face, hit her on her legs, back, and arms, threw her on the floor and threw her head against the concrete. Victim telephoned her sister twice to come pick up her and her children.

When victim's sister and a friend arrived, they heard victim and her daughter screaming, and they heard sounds of someone being thrown against the wall. Victim's daughter ran out to the car. When

Linda Lemke, Assistant Attorney General, Jefferson City, MO, for respondent.

victim and her son tried to leave, defendant came out after them. Victim's sister told defendant she was going to call the police, and the friend called 911 and put victim's daughter into the car. While they were outside, defendant pulled victim's hair and punched her. After defendant took victim's son back into the house, victim went back in and retrieved her son. Defendant came out and threw rocks at the friend's car and chased her down the street.

The police department received a report of domestic violence at victim's house at approximately 11:30 a.m. or 12:00 p.m. that day. While the officers were responding, the dispatcher told them that defendant had outstanding warrants.

The officers arrived to find victim, who had bruises on her face and marks on her neck, crying and yelling in the front yard. She told the officers, "He held me, he held me, he wouldn't let me go." Victim told the officers that defendant had beat her, and she gave them a description of defendant. The officers went into the house to arrest defendant for the outstanding warrants and to investigate the assault, but defendant was not in the house.

Meanwhile, shortly before 12:00 p.m., defendant entered a neighbor's house. The neighbor's daughter heard footsteps and discovered a man, later identified as defendant, in the living room, holding an object that had been in her upstairs bedroom. Defendant told her, "I'm not here to rob you. I'm hiding from the cops." Defendant asked if he could hide in the basement, but the daughter said she did not want to get into trouble and told him no. At that point, the neighbor's daughter told defendant that she saw the neighbor's car pull into the driveway. When the neighbor came in, she saw defendant run out the back door. Defendant did not

have permission to enter the neighbor's house.

After twenty to thirty minutes of searching the neighborhood on foot, one of the officers saw defendant standing on the sidewalk and arrested him for outstanding warrants and for domestic assault. Defendant told the officer that he ran because he knew he had "warrants." Defendant was transported to the St. Charles County jail, where he made a statement to the police.

While police were searching for defendant, an ambulance was called for victim, and she was treated by paramedics. Victim was later treated at the local emergency room, where she was given a CT scan, X-ray, tetanus shot and pain medication. Victim had swelling, marks, abrasions, bruises, and contusions on her face, right eye, right shoulder, and legs, which were photographed.

On November 26, 2003, defendant moved to suppress his post-arrest statement to police. On December 18, 2003, the court denied the motion to suppress after a hearing. The trial began on May 18, 2004. Defendant did not testify or offer any other evidence.

### DISCUSSION

1. *Sufficiency of the Evidence—Count I*

■ For his first point, defendant contends that the trial court erred in overruling his motion for judgment of acquittal at the close of all of the evidence because there was insufficient evidence to submit the felonious restraint count to the jury. Defendant argues that the state did not show that defendant exposed victim to a substantial risk of serious injury because she had minor injuries and did not suffer serious permanent disfigurement or protracted loss or impairment of the functions of any part of her body, and there was no

expert evidence of a substantial risk of death.

On review of the denial of a motion for judgment of acquittal, we determine if the state adduced sufficient evidence to make a submissible case. *State v. Foster*, 930 S.W.2d 62, 63 (Mo.App.1996). In making this determination, we accept as true all evidence favorable to the state, including all favorable inferences drawn from the evidence, and we disregard all evidence and inferences to the contrary. *Id.* at 63–64. We ascertain whether there was sufficient evidence from which a reasonable juror might have found the defendant guilty beyond a reasonable doubt. *Id.* at 64. We must consider all inferences favorable to the state. *Id.*

"A person commits the crime of felonious restraint if he knowingly restrains another unlawfully and without consent so as to interfere substantially with his liberty and exposes him to a substantial risk of serious physical injury." Section 565.120.1. Under this statute, it is irrelevant whether the victim suffered serious physical injury. *State v. Smith*, 902 S.W.2d 313, 315 (Mo.App.1995). The sole elements of this offense are that the defendant 1) unlawfully restrained the victim and 2) exposed the victim to a substantial risk of serious physical injury. *Id.; State v. Baker*, 791 S.W.2d 939, 942 (Mo.App. 1990); *State v. Warren*, 779 S.W.2d 751, 753 (Mo.App.1989).

> Section 565.002(6) RSMo.1994 defines "serious physical injury" as a "physical injury that creates a substantial risk of death or that causes serious disfigurement or protracted loss or impairment of the function of any part of the body." A protracted loss or impairment of the function of any part of the body entails an injury short of permanent but more than a short duration. *State v. Brokus*, 858 S.W.2d 298, 301 (Mo.App.1993).

Further, an impairment of the function of any part of the body means damage, injury or deterioration and is distinguishable from "loss" of function. *Id.* *Smith*, 902 S.W.2d at 315.

Defendant does not dispute that he restrained victim. Rather, he contends that the state failed to present sufficient evidence that this restraint exposes a victim to a substantial risk of serious physical injury. Whether a defendant's unlawful restraint exposes a victim to the risk of serious physical injury is to be determined from all of the circumstances. *Id.* The question is whether the defendant engaged in physical intimidation or violence, which, if repeated or carried further, could have seriously injured the victim or threats of or the propensity to commit violence which, if carried out, could have seriously injured the victim. *Smith*, 902 S.W.2d at 315. Whether or not the victim actually suffered serious physical harm is not dispositive. *Baker*, 791 S.W.2d at 942.

Defendant dragged victim by the hair, punched her in the face, hit her, threw her on the floor, and threw her head against concrete. These are acts that, had they been repeated or carried further, could have seriously injured victim. By engaging in these acts of physical violence, defendant exposed victim to the risk of serious physical harm. *See Baker*, 791 S.W.2d at 942; *State v. Terrell*, 751 S.W.2d 394, 395–96 (Mo.App.1988); *State v. Salkil*, 659 S.W.2d 330, 334 (Mo.App.1983). Point one is denied.

## 2. *Sufficiency of the Evidence—Count II*

In his second point, defendant asserts that the trial court erred in overruling his motion for judgment of acquittal at the close of all the evidence because the state did not prove that the defendant entered the neighbor's residence with the

intent to commit a crime, specifically with the intent to resist arrest by fleeing. Defendant contends that the state did not prove that he knew or reasonably should have known that the officers were making an arrest of him at the time he entered the house.

A person commits "the crime of burglary in the first degree if he knowingly enters unlawfully or knowingly remains unlawfully in a building or inhabitable structure for the purpose of committing a crime therein...." Section 569.160.1. The state charged defendant with entering the house "for the purpose of committing the crime of resisting arrest." A person who knows or reasonably should know that a law enforcement officer is making an arrest, and flees from that officer, commits the crime of resisting arrest. Section 575.150.1(1) RSMo (2000). The statute requires that a defendant 1) knows that a law enforcement officer is making an arrest and 2) resists the arrest by fleeing in order to prevent the officer from effecting the arrest. *State v. Dossett,* 851 S.W.2d 750, 751 (Mo.App.1993). "[T]he gravamen of the offense is resisting an arrest, not flight from an officer. Accordingly, the offense of resisting arrest cannot occur unless a law enforcement officer actually contemplates an arrest." *State v. Brooks,* 158 S.W.3d 841, 850–51 (Mo.App.2005).

"[R]esistance to an arrest must occur when the person knows that an officer is making an arrest." *Dossett,* 851 S.W.2d at 752. Section 575.150.1(1) does not allow a conviction to be based on an intent to resist in the event an arrest is made later. *Id.* "The arrest must be *in progress* when the 'resistance' occurs." *State v. Shanks,* 809 S.W.2d 413, 418 (Mo. App.1991). An arrest is in progress once the officer is attempting to actually restrain or control the person of the defen-

dant. *See State v. Nicholson,* 839 S.W.2d 593, 596 (Mo.App.1992).

In this case, although the officer intended to arrest defendant when he found him, and defendant knew that he would be arrested, the officer had not located defendant at the time defendant tried to hide in the neighbor's house. The officer had not made any attempt to restrain or control defendant and, as a result, had not attempted to make an arrest. Since the officer had not commenced to make an arrest, defendant could not have entered the neighbor's house with the purpose of committing the crime of resisting arrest. The state did not adduce sufficient evidence satisfying this element of the crime of burglary in the first degree.

However, when a conviction of a greater offense is overturned for insufficiency of the evidence, the reviewing court may enter a conviction for a lesser offense if the evidence was sufficient for the jury to find each of the elements of the lesser offense, and the jury was required to find those elements to enter the erroneous conviction on the greater offense. *State v. O'Brien,* 857 S.W.2d 212, 220 (Mo. banc 1993). Trespass in the first degree is a lesser-included offense of burglary in the first degree without the added element of intent to commit a crime within the premises. *State v. Granger,* 966 S.W.2d 27, 29 (Mo.App.1998). "A person commits the crime of trespass in the first degree if he knowingly enters unlawfully or knowingly remains unlawfully in a building or inhabitable structure or upon real property." Section 569.140.1 RSMo (2000). Under the verdict-directing instruction for burglary, the jury found all of the elements of trespass in the first degree in arriving at its verdict on the burglary count. *Granger,* 966 S.W.2d at 29; *see also Brooks,* 158 S.W.3d at 852. Since trespass in the first degree does not require the element of

intent to commit a crime on the premises, we may enter a conviction on this offense. *Granger*, 966 S.W.2d at 29.

Point two is granted with respect to defendant's challenge of the sufficiency of evidence of burglary, and defendant's burglary conviction must be reversed. However, because the jury found all the elements of trespass, the case must be remanded for entry of a judgment of conviction on this offense.

### 3. *Admission of Defendant's Statement*

For his third point, defendant claims the trial court plainly erred when it "allowed" the state to introduce defendant's statement to Deputy Joel Fann that he was the "crack man for the neighborhood." He argues that this statement constituted irrelevant evidence of other crimes, the prejudicial nature of which outweighed any probative value.

At trial, Deputy Joel Fann was called by the state. He testified:

> [Defendant] told me that this domestic started over drugs, that—[defendant] told me that he is the crack man for the neighborhood, and that when [the victim] wants crack she is suppose[sic] to come to him. And that previously [the victim] had gone to someone else to obtain her crack. And [defendant] told me he knew that [the victim] did not have money, and that [the victim] had obtained crack from someone else other than him, and that in order for her to have gotten the cocaine from someone else that she would have had to have had sex with this other individual, and that's what the fight was over.

Defendant made no objection of any kind to this testimony. To preserve a claim that prejudicial evidence of other crimes was improperly admitted, a defendant must object to that evidence on that ground at trial. *State v. Miller*, 14 S.W.3d 135, 137 (Mo.App.2000).

■ Because no objection was made, defendant's point is reviewable, if at all, only for plain error. *Id.* We will not review a claim of plain error under Rule 30.20 unless there are substantial grounds for believing that manifest injustice or miscarriage of justice has resulted. *State v. Chaney*, 967 S.W.2d 47, 59 (Mo. banc 1998), *cert. denied*, 525 U.S. 1021, 119 S.Ct. 551, 142 L.Ed.2d 458 (1998). There are no extraordinary circumstances in this case to justify reviewing this argument as a matter of plain error. *State v. Mosley*, 980 S.W.2d 1, 3 (Mo.App.1998). *See State v. Mallett*, 732 S.W.2d 527, 534–35 (Mo. banc 1987); *State v. Harris*, 870 S.W.2d 798, 810 (Mo. banc 1994). Point three is denied.

### 4. *Request for Remand*

■ Defendant's fourth point does not make a claim of trial court error, but requests this court to remand the case for a new suppression hearing because the transcript of that hearing has been lost. Defendant argues that if there had been a transcript, he might have raised two additional claims on appeal—whether the trial court erred in admitting his custodial statements and whether he was improperly removed from the suppression hearing.

On November 26, 2004, defendant filed a motion to suppress statements he made to the police. The trial court denied the motion to suppress on December 18, 2003, after a hearing. At trial, five months later, Deputy Fann testified without any objection to defendant's oral statements.

We deny defendant's request for a remand and his separately-filed motion for remand for two reasons. First, defendant has not raised any point on appeal challenging the denial of the motion to suppress, the voluntariness of his confession, or his removal from the courtroom during

the hearing on the motion. Second, he did not object at trial to the admission of the statements.

We recognize that there are circumstances when a remand for a new suppression hearing is appropriate. In *State v. Finster*, 963 S.W.2d 414, 415 (Mo.App. 1998), the court of appeals remanded for another evidentiary hearing "on the preserved issue," which was the admissibility of a statement claimed to have been given without proper Miranda warnings, when the transcript of the motion hearing had been lost. This issue had been raised on appeal as error in denying the motion to suppress and in overruling the objection to the statement at trial.

 In contrast, in this case, there is no need for a remand for a new suppression hearing. Defendant has not raised these claims in a point relied on. Moreover, because he did not object at trial, these claims were not preserved. *State v. Gardner*, 741 S.W.2d 1, 3 (Mo. banc 1987). " '[A] ruling on a motion to suppress is interlocutory and subject to change during the course of the trial. . . . Therefore, a specific objection is required when the evidence is offered at trial to preserve the issue for appellate review.' " *State v. Evenson*, 35 S.W.3d 486, 491 (Mo.App.2000) *quoting State v. Cardona–Rivera*, 975 S.W.2d 200, 203 (Mo.App.1998); *see also Miller*, 14 S.W.3d at 137.[1] Defendant's request for remand contained in point four and in his motion is denied.

*Conclusion*

We reverse the burglary conviction and remand for entry of a judgment of conviction and sentencing on the misdemeanor of trespass in the first degree, Section 569.140.1 RSMo (2000). In all other respects, the judgment is affirmed.

LAWRENCE E. MOONEY, J. and BOOKER T. SHAW, J., concur.

---

1. Defendant suggests that there is a possibility that, at the motion to suppress hearing five months before trial, the trial court told defendant he would not have to object at trial but would be considered to have a "continuing objection." Defendant has pointed to nothing in the record supporting his claim that this might have happened. There was no indication in the transcript of the hearing on other pretrial motions or in the trial transcript that defendant had been granted a "continuing objection" to the introduction of his statement, even though there was a pretrial discussion about whether certain other of defendant's statements would be admitted. In any event, a "continuing objection" presupposes an initial objection to all questions in a given line of questioning. *See* BLACK'S LAW DICTIONARY 1101 (7th ed.1999). This initial objection must be made at trial to preserve a claim for review. *Miller*, 14 S.W.3d at 137.