

# In the
# Missouri Court of Appeals
# Western District

STATE OF MISSOURI,

        **Respondent,**

v.

JAMES CALVIN SMITH,

        **Appellant.**

**WD77673**

**OPINION FILED:**

**November 17, 2015**

---

**Appeal from the Circuit Court of Pettis County, Missouri**
**The Honorable Robert Lawrence Koffman, Judge**

**Before Special Division:**
**James Edward Welsh, P.J., Gary D. Witt, J., and Andrea R. Vandeloecht, Sp. J.**

James Smith appeals his convictions, following a jury trial, of one count of first-degree burglary, three counts of second-degree burglary, and two counts of felony stealing. We reverse the circuit court's judgment of conviction as to these six counts.

## Background

Throughout 2012 and in early 2013, several businesses in the Sedalia area were broken into and burglarized. Based on DNA and shoeprint evidence, the State arrested James Smith on March 20, 2013, and charged him with eleven crimes arising out of six separate incidents. In Count 1, Smith was charged with first-degree burglary for the break-in of a camper trailer stored

on the property of Cole's Cutting Edge Lawn Care, and the theft of a semi-automatic handgun and other items from the trailer. He was charged with second-degree burglary in Counts, 3, 5, 6, and 9 for break-ins and thefts at Cole's Cutting Edge Lawn Care, at the Sedalia Post Office, at Sedalia Tool and Manufacturing, and at Cranker & Sons repair business, respectively. Smith was charged with four counts of felony stealing in Counts 2, 4, 7, and 10, in connection with the break-ins of the camper trailer, the lawn care business, Sedalia Tool and Manufacturing, and Cranker & Sons, respectively. He was charged in Count 8 with second-degree property damage, related to the Tool and Manufacturing break-in, and in Count 11 with resisting arrest. The State charged Smith as a prior and persistent offender.

At trial, defense counsel requested an instruction for the lesser-included offense of first-degree trespass on each of the burglary counts. Defense counsel also requested an instruction for the lesser-included offense of misdemeanor stealing on two of the felony stealing counts. The circuit court refused the proposed lesser-included instructions on the two felony stealing counts and on *four* of the burglary counts.[1] The court gave a lesser-included instruction for burglary in the second degree on the first-degree burglary charge (Count 1).

The jury found Smith guilty on all eleven counts. The court sentenced him to ten years' imprisonment for first-degree burglary, seven years for each count of second-degree burglary, and four years each for the property damage and resisting arrest convictions. The court ordered all of the seven- and four-year sentences to run concurrently with each other but consecutively to the ten-year sentence imposed on Count 1.

---

[1]The court gave a lesser-included instruction for first-degree trespass on the second-degree burglary charge in Count 5, related to the post office break-in.

**Discussion**

Smith raises six points on appeal. He challenges the circuit court's refusal to submit an instruction for first-degree trespass as a lesser-included offense of burglary in the first degree in Point 1 and of burglary in the second degree in Points 2, 4, and 6. In Points 3 and 5, he challenges the court's refusal to submit an instruction for misdemeanor stealing as a lesser-included offense of felony stealing.[2] The State agrees that the court's refusal to give the lesser-included instructions for misdemeanor stealing was reversible error, and it concedes that Points 3 and 5 should be granted. Consequently, we address only the arguments pertaining to the failure to give lesser-included instructions for first-degree trespass in Points 1, 2, 4, and 6.

On Count 1, the circuit court instructed the jury on the charged offense of first-degree burglary and the lesser-included offense of second-degree burglary. On Counts 3, 6, and 9, the court instructed the jury on the charged offense of second-degree burglary only. Smith argues in Points 1, 2, 4, and 6 that the circuit court committed reversible error in refusing his request to instruct the jury (as to those four counts) on first-degree trespass as a lesser-included offense, pursuant to section 556.046, RSMo.[3] Our analysis of all four points is essentially the same; thus, we address them collectively.

"This Court reviews *de novo* a trial court's decision whether to give a requested jury instruction under section 556.046." *State v. Jackson,* 433 S.W.3d 390, 395 (Mo. banc 2014). "[I]f the statutory requirements for giving such an instruction are met, a failure to give a requested instruction is reversible error." *Id.* We view the evidence in the light most favorable to the defendant. *State v. Thomas*, 161 S.W.3d 377, 380 (Mo. banc 2005).

---

[2]Smith included these claims in his motion for new trial, which was overruled.

[3]Statutory references are to the Revised Statutes of Missouri 2000, as updated by the 2011 Cum. Supp.

3

Section 556.046.1 provides that "[a] defendant may be convicted of an offense included in an offense charged in the indictment or information."  Such a lesser-included offense includes an offense that "is established by proof of the same or less than all the facts required to establish the commission of the offense charged" or "is specifically denominated by statute as a lesser degree of the offense charged."  § 556.046.1.

Smith is correct that first-degree trespass is a lesser-included offense of both first-degree and second-degree burglary.  Pursuant to section 569.140.1, a person commits first-degree trespass "if he knowingly enters unlawfully or knowingly remains unlawfully in a building or inhabitable structure."  A person commits second-degree burglary "when he knowingly enters unlawfully or knowingly remains unlawfully in a building or inhabitable structure *for the purpose of committing a crime therein*."  § 569.170.1 (emphasis added).  A person commits first-degree burglary "if he knowingly enters unlawfully or knowingly remains unlawfully in a building or inhabitable structure *for the purpose of committing a crime therein*" while (in this case) "armed with . . . a deadly weapon."  § 569.160.1 (emphasis added).

A comparison of these statutes reveals that both first- and second-degree burglary consist of the same elements as first-degree trespass with the additional requirement that the person enter the building "*with the purpose of committing a crime therein*."  *See* §§ 569.140, 569.160, 569.170.  Thus, trespass in the first degree is "established by proof of the same or less than all the facts required" to prove first- or second-degree burglary.  § 556.046.1.  As such, trespass in the first degree is a lesser-included offense of second-degree burglary.  *State v. Neighbors*, 613 S.W.2d 143, 147 (Mo. App. 1980).  It also is a lesser-included offense of first-degree burglary.  *State v. Christian*, 184 S.W.3d 597, 603 (Mo. App. 2006).

4

Our Supreme Court recently explained in *Jackson* that, pursuant to section 556.046, a trial court is obligated to submit a lesser-included offense instruction when (1) "a party timely requests the instruction," (2) "there is a basis in the evidence for acquitting the defendant of the charged offense," and (3) "there is a basis in the evidence for convicting the defendant of the lesser included offense for which the instruction is requested."[4] 433 S.W.3d at 396. "Doubts concerning whether to instruct on a lesser included offense should be resolved in favor of including the instruction, leaving it to the jury to decide." *Id.* at 399 (citation omitted).

Here, there is no dispute that Smith timely requested lesser-included instructions for first-degree trespass. With regard to the second requirement, the Court explained in *Jackson* that there will be a basis in the evidence for acquitting a defendant of the greater offense in virtually every case, because "the jury has the right to disbelieve all or any part of the evidence, and refuse to draw needed inferences." *Id*. at 399, 402. In other words, as stated in *Jackson's* companion case, *State v. Pierce*, 433 S.W.3d 424, 433 (Mo. banc 2014), "once the defendant pleads not guilty, there will always be a basis in the evidence to acquit . . . because the jury -- and only the jury -- is the final arbiter of what that evidence does and does not prove." Here, there was a basis to acquit Smith of burglary in the first and second degrees because the jury did not have to believe that he knowingly entered unlawfully *for the purpose of stealing*.

As to the requirement that there be a basis in the evidence for convicting of the lesser-included offense, the *Jackson* Court stated that "the jury's right to disbelieve all or any part of the evidence, and its right to refuse to draw any needed inference, is a sufficient basis in the

---

[4]Section 556.046.2 provides that a court is "not . . . obligated to charge the jury with respect to an included offense unless there is a basis for a verdict acquitting the defendant of the offense charged and convicting him of the included offense." Similarly, section 556.046.3 (added in 2001) requires a court to instruct as to an included offense "only if there is a basis in the evidence for acquitting the defendant of the immediately higher included offense and there is a basis in the evidence for convicting the defendant of that particular included offense."

evidence to justify giving any lesser included offense instruction when the offenses are separated only by one differential element for which the state bears the burden of proof."  433 S.W.3d at 401.  Relying on *Jackson*, our Supreme Court recently explained in *State v. Randle*:

> Lesser-included offenses that are separated from the greater offense by one differential element for which the state bears the burden of proof are referred to as "nested" lesser-included offenses.  A "nested" lesser-included offense consists of a subset of the elements of the greater offense.  Consequently, "it is ***impossible to commit*** the greater without ***necessarily committing*** the lesser."  A defendant is entitled, upon proper request, to an instruction on a "nested" lesser-included offense and, therefore, does not have to introduce affirmative evidence or "cast doubt" over the State's evidence in any way.

465 S.W.3d 477, 479 (Mo. banc 2015) (quoting *Jackson*, 433 S.W.3d at 401-02, 404) (internal citations omitted); *see also State v. Roberts*, 465 S.W.3d 899, 902 (Mo. banc 2015) (handed down with *Randle* and employing the same analysis).[5]  The *Pierce* Court summarized it this way: "if the evidence is sufficient to convict the defendant of the charged offense, there is always a basis in the evidence to convict the defendant of a 'nested' lesser offense."  433 S.W.3d at 430. The *Jackson* Court recognized that "the effect of this decision likely will be that lesser included offense instructions will be given virtually every time they are requested."  433 S.W.3d at 402.

Here, the only difference between first-degree trespass and both first- and second-degree burglary was Smith's intent of entering the property "for the purpose of committing the crime of stealing therein" (which is an element of both degrees of burglary but not of trespass).  *See*

---

[5]In *Jackson*, the Court found that second-degree robbery is a "nested" lesser-included offense of first-degree robbery, because it is comprised of a subset of the elements of first-degree robbery, with the only "differential element" being that, in first-degree robbery, the victim must reasonably believe that the defendant was using or threatening to use a weapon.  433 S.W.3d at 404.  *See also Pierce,* 433 S.W.3d at 432 (evidence that was sufficient to prove that defendant found in possession of cocaine base committed second-degree trafficking -- in that the substance weighed two or more grams -- also had to be sufficient to prove the "nested" lesser-included offense of possession, which includes all of the same elements except weight); *Randle*, 465 S.W.3d at 480 (holding that third-degree assault is a "nested" lesser-included offense of second-degree assault because proof that the defendant "knowingly" committed second-degree assault necessarily means that there was also a basis in the evidence for the jury to convict of third-degree assault, for which the *mens rea* is "recklessly" but the remaining elements are the same); and *Roberts*, 465 S.W.3d at 902-03 (same with regard to second- and third-degree domestic assault).

6

*Neighbors*, 613 S.W.2d at 147. Thus, first-degree trespass "is comprised of a subset of the elements" of first- and second-degree burglary. *See Jackson*, 433 S.W.3d at 404. As stated in *Neighbors*, "it is impossible to commit burglary in the second degree without also committing trespass in the first degree." 613 S.W.2d at 147; *see* §§ 569.140 and 569.170. The same is equally true of first-degree burglary. *See* §§ 569.140 and 569.160; *Christian*, 184 S.W.3d at 603-04. Thus, first-degree trespass is a "nested" lesser-included offense of both burglary charges. *See Jackson*, 433 S.W.3d at 404. As stated in *Jackson*, when a defendant requests an instruction for a "nested" lesser included offense, that instruction must be given. *Id*. at 392, 404.

In this case, the evidence the State would use at trial to prove burglary would necessarily establish that Smith unlawfully entered the properties; thus, there was a basis to convict Smith of the "nested" lesser-included offense of first-degree trespass. Accordingly, Smith met all three requirements for submission of the lesser-included instruction. Where that is the case, and the court fails to give the instruction, "prejudice is presumed," and the court's failure to give the instruction is reversible error. *Id*. at 395, n.4.

The State concedes that the circuit court's erroneous refusal to instruct the jury on first-degree trespass carries a presumption of prejudice. It contends, however, that "the failure to instruct down does not always warrant a new trial." As to Point 1, the State claims that the presumption of prejudice was rebutted under the facts of this case because an instruction for one lesser-included offense was given, and the jury did not choose that option. As to all four Points (1, 2, 4, and 6), the State argues that the presumption of prejudice was rebutted because the jury also found Smith guilty on related charges of stealing.

In support of its first argument, the State cites several cases pre-dating *Jackson* and *Pierce* stating that the failure to give an additional lesser-included offense instruction is neither

7

erroneous nor prejudicial when instructions for the greater offense and one lesser-included offense are given and the defendant is found guilty of the greater offense. *See, e.g., State v. Johnson*, 284 S.W.3d 561, 575 (Mo. banc 2009); *State v. Glass*, 136 S.W.3d 496, 515 (Mo. banc 2004); *State v. Johnston*, 957 S.W.2d 734, 751-52 (Mo. banc 1997). The State therefore argues that, because the jury in this case was instructed on the lesser-included offense of second-degree burglary on Count 1, and the jury found Smith guilty of first-degree burglary, the presumption of prejudice was rebutted.

Assuming, *arguendo*, that the general rule set forth in those cases is still viable in the wake of *Jackson* and *Pierce* (and, more recently, *Randle* and *Roberts*), an exception applies "where the lesser offense that was actually submitted at trial did not 'test' the same element of the greater offense that the omitted lesser offense would have challenged." *Briggs v. State*, 446 S.W.3d 714, 720 n. 9 (Mo. App. 2014); *see also State v. Nutt*, 432 S.W.3d 221, 224-25 (Mo. App. 2014); *State v. Frost*, 49 S.W.3d 212, 219-20 (Mo. App. 2001).

This Court acknowledged and applied this exception in *Frost*. There, the trial court instructed on second-degree murder, voluntary manslaughter, and self-defense but refused to instruct on involuntary manslaughter. *Frost*, 49 S.W.3d at 219. The jury found the defendant guilty of second-degree murder. *Id.* at 216. This court remanded the case for a new trial after finding that the voluntary manslaughter instruction did not "test" whether the jury might have found that the defendant acted with a lesser mental state than knowingly or purposely, only whether or not sudden passion was involved. *Id.* at 219-21. We held that, because the proffered instruction offered a basis that had not been before the jury, and thus had yet to be rejected, we could not conclude that "the jury was adequately tested . . . to the extent that submission of involuntary manslaughter would have made no difference." *Id.* at 221. *See also Nutt*, 432

8

S.W.3d at 225 (reaching same result where the trial court refused a third-degree assault instruction and submitted first- and second-degree assault instructions; held that Nutt was prejudiced, even though convicted of first-degree assault, because we could not conclude that elements of first-degree assault were adequately tested by second-degree assault instruction).

The same is true in this case. Here, the first-degree trespass instruction asked the jury to determine only whether Smith "knowingly entered unlawfully . . . in a building or inhabitable structure." § 569.140.1. Both the first-degree burglary instruction and the second-degree burglary instruction asked the jury to determine whether Smith "knowingly enter[ed] unlawfully . . . in a building or inhabitable structure *for the purpose of committing a crime therein*." §§ 569.160 & .170. The instructions differed, not on the question of Smith's purpose for entering the building, but only as to whether he was armed with a deadly weapon (as required for first-degree burglary). Consequently, the second-degree burglary instruction did not "test" whether the jury might have found that Smith did not enter with *any* intent to steal. *See Nutt,* 432 S.W.3d at 225; *Frost,* 49 S.W.3d at 219-21. The only way to test that intent was to submit the requested instruction for first-degree trespass. The fact that the jury did not convict on second-degree burglary does not establish that the jury evaluated or was able to test Smith's intent upon entry.

We also reject the State's claim, as to all four points, that the presumed prejudice from the circuit court's failure to instruct on first-degree trespass was "rebutted" because the jury also found Smith guilty of stealing. Smith's convictions for stealing do *not* answer the question of whether Smith had the intent to steal *when he entered* the properties -- which is what distinguishes trespass from burglary. As explained in *Jackson*, no matter how compelling the evidence may be, "it is for the jury -- and only the jury -- to decide whether the State proved that element beyond a reasonable doubt." 433 S.W.3d at 400, n.11.

9

The *Jackson* Court faced an analogous situation. There, the defendant was charged with first-degree robbery and with armed criminal action. *Id*. at 394. The differentiating factor between first-degree robbery and second-degree robbery was that the defendant displayed or threatened to use what appeared to be a deadly weapon. *Id*. In addressing the question of prejudice, the *Jackson* Court explained that, while prejudice from the refusal to instruct on second-degree robbery "seems logically inconsistent" with the fact that the jury found Jackson guilty of armed criminal action (*i.e.*, that he actually used a gun), "the Court need not reconcile these . . . because prejudice is presumed" when the court fails to give a requested lesser included instruction that is supported by the evidence. *Id*. at 395, n. 4 (citing *State v. Redmond*, 937 S.W.2d 205, 210 (Mo. banc 1996) (holding that a defendant "is entitled to a new trial before a properly instructed jury")).

Where the defendant has met the requirements for having the jury instructed on a lesser-included instruction, the court's failure to give the requested instruction is reversible error, and "prejudice is presumed." *Id*. "Because prejudice is presumed on direct appeal, a new trial is required if the court refuses the defendant's properly requested lesser-included offense instruction."[6] *McNeal v. State*, 412 S.W.3d 886, 894-95 (Mo. banc 2013) (Wilson, J., dissenting) (citing *State v. Williams,* 313 S.W.3d 656, 660 (Mo. banc 2010) (failure to give requested lesser-included offense instruction requires a new trial)). *See also Jackson*, 433 S.W.3d at 409, and

---

[6]The dissent in *McNeal* (a post-conviction case) addressed the distinction, in this context, between a direct appeal and a post-conviction appeal as to which party bears the burden of proving prejudice, stating: "[O]n direct appeal, the **state** bears the burden of proving a **lack of prejudice** but, in a post-conviction proceeding, the **defendant** bears the burden of proving the **existence of prejudice**." 412 S.W.3d at 894 (Wilson, J., dissenting). Similarly, in *Briggs*, 446 S.W.3d at 719, n. 5, we explained that, "in a post-conviction proceeding, the movant bears the burden of proving that he was prejudiced by counsel's alleged failure [to request a lesser-included instruction], but on direct appeal, when a trial court fails to give a required instruction, prejudice may be presumed."

10

*Pierce*, 433 S.W.3d at 433 (both vacating the appellants' convictions due to trial court error in failing to give a required lesser-included instruction).

## Conclusion

In sum, the circuit court committed reversible error in failing to instruct the jury on first-degree trespass on Counts 1, 3, 6, and 9, and the presumption of prejudice created by that error was not rebutted. Therefore, we vacate Smith's conviction on those four counts and remand the case for further proceedings.[7] As noted, the State concedes that the circuit court's judgment as to Counts 4 and 7 should be reversed. We agree, and we vacate and remand as to those convictions as well. This disposition does not impact Smith's remaining convictions.[8]

/s/ JAMES EDWARD WELSH
James Edward Welsh, Presiding Judge

All concur.

---

[7]The Eastern District of this Court recently decided a case that supports the State's position. In *State v. Meine*, ED 101136, 2015 WL 5135420 (Mo. App. E.D. Sept. 1, 2015), the defendant was convicted of first-degree murder and armed criminal action. The trial court instructed the jury on the lesser-included offenses of second-degree murder and first-degree involuntary manslaughter, and on self-defense. *Id*. at *2. On appeal, Meine argued that the court erred in refusing to instruct on second-degree involuntary manslaughter. *Id*. Citing *Johnson,* 284 S.W.3d 561, and *Glass,* 136 S.W.3d 496, the Eastern District found that the trial court's failure to give a third lesser-included instruction was error but was not prejudicial because the jury was instructed as to two lesser-included offenses and found Meine guilty of the greater offense. *Id*. at *3-4. *But see State v. Jensen*, SD 33186, 2015 WL 5076702 (Mo. App. S.D. Aug. 27, 2015) (reaching the same result as we have reached here under an analogous factual scenario); and *State v. Sanders*, WD 76452, 2015 WL 456404 (Mo. App. W.D. Feb. 3, 2015), *reh'g and/or transfer denied* (Mar. 3, 2015), *cause ordered transferred to Mo.S.Ct.* (Apr. 28, 2015) (same). For the reasons set forth herein, we disagree with the Eastern District's holding in *Meine*, and we decline to follow it. Pursuant to Western District Rule XXXI, this opinion was reviewed and approved by the court *en banc.*

[8]After briefing was complete, Smith sent a letter to this Court contesting the circuit court's jurisdiction over Count 5, under which he was convicted of second-degree burglary of the U.S. Post Office and sentenced to seven years. Citing §§ 12.010 and 12.020, RSMo, which give general consent for the United States to acquire land or buildings in Missouri and divest the State of jurisdiction over criminal violations on such land or buildings, Smith argues that the alleged crime in Count 5 fell under the exclusive jurisdiction of the federal government and that the circuit court had no jurisdiction to try him on it. Because we are remanding this case to the circuit court on Smith's other convictions, we advise counsel to raise this matter before the circuit court on remand.